[Civ. No. 23989.   First Dist., Div. Two.   Nov. 22, 1967.]

MARTINEZ TYPOGRAPHICAL UNION NO. 597, AFL-CIO, Plaintiff, Cross-defendant and Appellant, v. SILVERSUN CORPORATION et al., Defendants, Cross-complainants and Respondents.

256

Neyhart & Grodin, Neyhart, Grodin & Beeson and Duane
B. Beeson for Plaintiff and Appellant.

Bernheim, Sugarman, Gilbert & Straughn and Irving C.
Sugarman for Defendants and Respondents.

SHOEMAKER, P. J.—This is an appeal by plaintiff Martinez Typographical Union No. 597 from a judgment denying its petition to compel arbitration of an alleged dispute with defendants and cross-complainants Silversun Corporation and Herman Silverman.

Responsive to the pleadings of the parties, the trial court found that the parties' written collective bargaining agreement expired on February 28, 1963, and was not renewed by the parties; that no substantial amount of "reproduction work" had accumulated before the date upon which the agreement terminated, although the contrary was true between the time of termination and the sale of the business; that plaintiff had not requested, from time to time, that defendants comply with its obligation to reproduce such copy; that sometime prior to November 28, 1963, plaintiff was noti-

fied that defendant Silversun Corporation and the other two printing corporations owned by defendant Silverman would collectively sell their business assets and cease operations on or about November 28, 1963; that on said date the corporations in question did in fact sell their respective business assets and ceased operations in the publishing business and that by reason of such cessation of operations, their employees lost their employment; that on December 3, 1963, plaintiff wrote defendants and demanded that they comply with their alleged contractual obligation to complete outstanding "reproduction work," but that at such time defendants had already gone out of business and had no facilities or employees able to do any "reproduction work" whatever; that on January 29, 1964, plaintiff wrote defendants and requested that the reproduction question be submitted to the joint standing committee provided for in the collective bargaining agreement, but that plaintiff at no time submitted the question to that committee; that plaintiff had neglected to avail itself of any rights which it might have had under the written agreement for an undue and unreasonable length of time and had been guilty of such laches as to bar it from the relief prayed for in its petition; that plaintiff waived any rights which it might have had under the agreement by failing to make any complaint or any demand for arbitration until after defendants had disposed of their facilities and employees, although plaintiff was well aware of its right to do so and of any grievance it may have had long before November 28, 1963; that plaintiff had failed to make available to defendants, during the time when they were still in business, employees who were able and willing to do "reproduction work" and had thus prevented performance of such work and waived any right which it might have had to seek arbitration.

The court entered judgment denying plaintiff's petition for arbitration and adjudging, on the cross-complaint, that plaintiff's right to arbitrate had been waived and that defendants and cross-complainants were not obligated to arbitrate any dispute relating to "reproduction work."

This action is governed by section 1281.2 of the Code of Civil Procedure, which provides in pertinent part as follows: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy,

the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: (a) *The right to compel arbitration has been waived by the petitioner*; or (b) Grounds exist for the revocation of the agreement. If the court determines that a written agreement to arbitrate a controversy exists, an order to arbitrate such controversy may not be refused on the ground that the petitioner's contentions lack substantive merit." (Italics added.)

In the instant case, the trial court obviously did not base its judgment upon a finding that the alleged dispute over "reproduction work" was not one which was subject to arbitration under the 1961 collective bargaining agreement. Said agreement expressly provides for the performance of "reproduction work" by defendants' composing room employees with respect to copy which is received under specified circumstances from other printing establishments. The agreement also provides that "all disputes which may arise as to the construction to be placed upon any clause of the agreement . . . or alleged violations thereof, which cannot be settled otherwise" shall be referred to a joint standing committee composed of representatives of plaintiff and of defendants. We agree that an alleged violation of the provision pertaining to "reproduction work" or a dispute pertaining thereto was an arbitrable one under the agreement.

The judgment similarly cannot be upheld upon the theory that plaintiff was, of necessity, precluded from seeking arbitration because no demand for same was made during the life of the 1961 agreement or its alleged oral extension. The question of whether the parties intended an arbitration clause to be applicable to disputes for which no demand was made during the term of an agreement is a question of interpretation which should be left to the arbitrator together with the other problems of interpretation of the agreement. (*Swift-Chaplin Productions, Inc.* v. *Love* (1963) 219 Cal.App.2d 110, 115-116 [32 Cal.Rptr. 758, 5 A.L.R.3d 1001].)

Finally, since section 1281.2 of the Code of Civil Procedure expressly prohibits a court from refusing an order to arbitrate on the ground that the plaintiff's contentions lack substantive merit, the judgment appealed from may not be upheld on that basis.

In the light of these applicable principles of law, the validity of the judgment is entirely dependent upon the correct-

ness of the court's finding that plaintiff waived its right to arbitrate.

Plaintiff has not attempted to demonstrate a lack of evidentiary support for the court's factual findings relative to the issue of waiver. Plaintiff thus tacitly concedes that there was substantial evidence in support of the court's findings that prior to December 3, 1963, plaintiff never requested that defendants comply with their alleged obligation to perform "reproduction work," never submitted the question to the joint standing committee and, although given advance notice of the impending sale of defendants' printing plants and equipment, waited until after said sale had been consummated before ever asserting its alleged right to the performance of "reproduction work."

Plaintiff, to the contrary, takes the approach that these findings, although couched in terms of waiver, actually bear upon the merits of the dispute between the parties and thus constitute an improper invasion of the arbitrator's decision-making sphere. In support of this position, plaintiff relies solely upon certain language from *John Wiley & Sons* v. *Livingston* (1964) 376 U.S. 543, 557-558 [11 L.Ed.2d 898, 908-909, 84 S.Ct. 909], to the effect that labor disputes cannot easily be broken down into their "substantive" and "procedural" aspects and that certain questions concerning the procedural prerequisites to arbitration cannot be answered without consideration of the merits of the parties' dispute and should therefore be left to the arbitrator.

Plaintiff's reliance upon this language is misplaced, when applied to the waiver aspects of this case, since the court in the very case upon which plaintiff relies expressly pointed out, with regard to the issues which were properly determinable by the courts, that it was not ruling out the possibility "that a union might abandon its right to arbitration by failing to make its claims known," but noted that that situation was not before it. (*John Wiley & Sons* v. *Livingston, supra,* at p. 551 [11 L.Ed.2d at p. 905].) Plaintiff's contention that waiver must of necessity involve a consideration of the merits of the parties' dispute also flies directly in the face of the controlling California statute, Code of Civil Procedure, section 1281.2, which, as above noted, expressly reserves to the court the question of waiver while precluding it from denying arbitration on the ground that the plaintiff's contentions lack substantive merit.

■ It is settled that the question of waiver of the right to arbitrate is one of fact for the trial court; that where the arbitration agreement does not specify a time within which arbitration is allowed, what constitutes a reasonable time is likewise a question of fact, depending upon the situation of the parties, the nature of the transaction and the facts of the particular case; that the trial court's finding of waiver is binding upon an appellate court if supported by substantial evidence. (See *Sawday* v. *Vista Irr. Dist.* (1966) 64 Cal.2d 833, 836 [52 Cal.Rptr. 1, 415 P.2d 816], and authorities therein cited.)

■ Here, plaintiff does not challenge the sufficiency of the evidence to support the trial court's factual findings concerning waiver, so plaintiff has, in effect, confined itself to arguing that the facts as found are insufficient as a matter of law to constitute a waiver of plaintiff's right to compel arbitration. Any such contention is untenable.

Although it is the rule, as above noted, that the failure to demand arbitration during the life of a collective bargaining agreement need not invariably result in the loss of the right to arbitrate, the findings in this matter unquestionably support the conclusion that plaintiff, with full knowledge of the facts, intentionally relinquished its right to arbitrate defendants' alleged violation of the provision pertaining to "reproduction work." The crucial findings in the instant case are that plaintiff received advance notice of the impending sale of defendants' printing plants and equipment and although it was fully aware of defendants' obligation to perform "reproduction work" and of its right to seek arbitration in the event of defendants' refusal to do so, plaintiff nevertheless chose to remain silent until after the sale had been consummated and defendants no longer possessed either the facilities or employees necessary for the performance of such work. The gist of these findings is that plaintiff knowingly and deliberately sat upon its rights while defendants changed their position in reliance upon plaintiff's apparent abandonment of its right to compel the performance of "reproduction work." Under such circumstances, the trial court was correct in concluding that plaintiff, having chosen to pursue this course of conduct, created an estoppel and effectively waived its right to arbitrate the "reproduction work" question.

In the light of the foregoing, the judgment denying plaintiff's petition to compel arbitration must be upheld. It may be noted, however, that plaintiff has argued at length the con-

tention that there was insufficient evidence in support of the court's finding that the parties' agreement terminated on February 28, 1963, and to the further contention that the court erred in excluding certain evidence offered for the purpose of establishing that said agreement was orally extended so as to remain in effect during the period between February 28, 1963 and the sale of defendants' business on November 28, 1963. It would serve no useful purpose to discuss these arguments, for it is immaterial whether the parties' written agreement was or was not extended beyond the termination date therein provided for. Even if it were to be assumed for purposes of argument that the agreement was orally extended so as to remain in effect until defendants sold their business, the fact remains that plaintiff had advance notice of said sale and nevertheless chose to conduct itself in such a manner as to waive its right to compel arbitration of defendants' alleged obligation to perform "reproduction work."

Judgment affirmed.

Agee, J., and Taylor, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 17, 1968. Tobriner, J., did not participate therein.