Filed 3/21/22  Rohan v. Jaybell CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| DEREK ROHAN et al.,<br><br>Plaintiffs and Respondents,<br><br>v.<br><br>JAYBELL, LLC et al.,<br><br>Defendants and Appellants. | B314001<br><br>(Los Angeles County<br>Super. Ct. No. 19STCV45218) |

APPEAL from an order of the Superior Court of Los Angeles County, Patricia D. Nieto, Judge.  Reversed.

Sylg, Susan C. Yu, Erin M. Lode and Katherine Yang for Defendants and Appellants Jaybell, LLC, Sunnie S. Kim, Duk J. Corporation dba Samwon Construction, and Kyung Wun Aum.

Jeffer Mangels Butler & Mitchell, Susan Allison, Mark S. Adams, and Jon A. Weininger for Defendant and Appellant M. Guy Maisnik.

Norton & Associates and Timothy L. Norton for Plaintiffs and Respondents.

————————————

The trial court denied a defense motion to compel arbitration. We reverse.

## STATEMENT OF FACTS

This appeal from an order denying a defense motion to compel arbitration arises out of a 2017 contract to sell a single-family residence in La Canada, California. The buyers, Derek Rohan and Angela Saverice-Rohan (collectively, the Rohans) signed the agreement, as did the seller, Jaybell, LLC. The purchase agreement includes an arbitration provision obligating "the parties" to the agreement to arbitrate any dispute arising out of the agreement itself or the underlying transaction (and providing that enforcement of the agreement to arbitrate is governed by the Federal Arbitration Act (FAA)).

Soon after the Rohans moved into their new house, they encountered problems with the air conditioning and other systems; by 2019, Jaybell had refused to honor the builder's warranty included in the purchase documents. In December 2019, the Rohans sued Jaybell for breach of contract, negligence, and two fraud causes of action. In January 2020, Jaybell demurred and filed a motion to strike. Presumably, the demurrer was sustained with leave to amend, and the Rohans filed a first amended complaint, adding Duk J. Corporation (doing business as Samwon Construction), Sunnie S. Kim, Kyung Won Aum, and GS Heating and Air Conditioning, Inc. as defendants. Another demurrer was filed but presumably overruled (since the first amended complaint appears to be the operative pleading). In May 2020, the Rohans filed an amendment to their first amended complaint naming Maurice Maisnik as Doe 1. In June and July 2020, Appellants answered (without raising arbitration as an affirmative defense) and GS Heating filed a cross-complaint. Discovery ensued and a trial date was set for August 2021, but at Appellants' request was continued to June 2022. Several parties changed lawyers in the spring of 2021 and in May — 17

2

months after this lawsuit was filed — Appellants filed their motion to compel arbitration.

The Rohans opposed the motion to compel arbitration, contending (among other things) that the motion was untimely and that the right to arbitrate had been waived. The Rohans noted the obvious, that Jaybell was the only other party to the arbitration agreement.

Following a hearing held on June 15, 2021, the trial court denied the motion to compel arbitration, finding the signatory party (Jaybell) had waived the arbitration provision (and that it thus would be inequitable to allow a non-signatory appellant (Maisnik) to enforce the waived provision). More specifically, the trial court found the Appellants had "actively litigated this action for 17 months" before raising the arbitration issue for the first time less than three months before trial. Appellants demurred twice, answered without alleging arbitration as a defense, propounded and responded to extensive discovery, filed a cross-complaint, and conducted inspections.

This appeal is from the June 15, 2021 order denying the motion to compel arbitration.

## LEGAL DISCUSSION

Appellants (Jaybell, Kim, Duk (dba Samwon Construction), Aum and Maisnik) contend the order must be reversed because the trial court erred by failing to apply the FAA, by finding that Jaybell had waived its right to arbitrate, and by finding that Maisnik lacked standing to enforce the arbitration agreement. We agree with Appellants and reverse the challenged order.

3

## A. Jaybell did not waive it's right to arbitrate.

Under the FAA, Jaybell (the only appellant who is a party to the arbitration agreement) did not waive its right to arbitrate. (*Victrola 89, LLC v. Jaman Properties 8 LLC* (2020) 46 Cal.App.5th 337, 355 (*Victrola*).) Although the factors governing waiver are generally the same under both the FAA and California law (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1194; and see *Platt Pacific, Inc. v. Andelson* (1993) 6 Cal.4th 307), the FAA requires the party claiming waiver to present evidence affirmatively establishing prejudice. (*Fisher v. A.G. Becker Paribas Inc.* (9th Cir. 1986) 791 F.2d 691, 694 [under the FAA, a party claiming waiver must show the other party had knowledge of its right to compel arbitration, acts inconsistent with that right, and prejudice].) Whether arbitration has been waived is a question of fact, and the trial court's finding will not be disturbed on appeal if supported by substantial evidence. (*Sobremonte v. Superior Court* (1998) 61 Cal.App.4th 980, 991.)

In determining whether a party waived its right to arbitrate, courts consider several factors, including (i) whether the party's actions are inconsistent with the right to arbitrate, (ii) whether judicial action has been substantially invoked and the parties are preparing for trial before the arbitration issue is raised, (iii) whether a trial date is imminent when the arbitration issue is raised, (iv) whether the party seeking arbitration has previously engaged in discovery, and (v) whether the delay causes prejudice to the opposing party. (*Sobremonte v. Superior Court*, *supra*, 61 Cal.App.4th at p. 992.) Here, the Rohans failed to present *any* evidence of prejudice.

Although most of the other factors needed to show waiver were established (arbitration was not pleaded as an affirmative defense, the parties actively litigated this case in court, jury fees were posted, and there was a 17-month delay between the time this action was filed and the defense motion to compel arbitration), there was absolutely no

4

showing of prejudice. We are concerned with the FAA, not California law, and the FAA requires an affirmative showing of prejudice.

Under the FAA, prejudice is the touchstone of waiver, and for this reason waiver is rarely found. (*Aviation Data, Inc. v. American Express Travel Related Services Co., Inc.* (2007) 152 Cal.App.4th 1522, 1535; *Lake Communications, Inc. v. ICC Corp.* (9th Cir. 1984) 738 F.2d 1473, 1477.) Under federal law, the presence or absence of prejudice from the litigation of the dispute before a defense motion to compel arbitration is critical to the waiver determination. (*St. Agnes Medical Center v. PacifiCare of California*, *supra*, 31 Cal.4th at p. 1194.)

As Appellants note, *Victrola* is strikingly similar to this case. There, as here, the parties agreed to arbitrate all disputes and to do so under the FAA rules. (*Victrola, supra,* 46 Cal.App.5th at pp. 343-344.) Indeed, it appears that both sets of parties used the same California Association of Realtors form, with verbatim arbitration clauses, including the provision that "Enforcement of this agreement to arbitrate shall be governed by the Federal Arbitration Act." (*Id.* at pp. 342, fn. 1, 343.) Both cases involved a home buyer's claims against the home's seller. (*Id.* at p. 342.) In *Victrola,* the trial court found, expressly, that the procedural provisions of California law applied. (*Ibid.*) In the case before us, the trial court did not make that finding but did ignore the FAA and, specifically, the FAA's requirement of prejudice when there is a claim of waiver.

The Rohans' opposition to the motion to compel arbitration did not discuss prejudice and neither did the trial court's order. As Appellants contend, it appears the trial court ignored the parties' agreement to proceed with an arbitration governed by the FAA. Accordingly, the order must be reversed.[1]

---

[1] The Rohans do not cite *Victrola*, let alone attempt to distinguish it, and the trial court's six-page order does not mention that case.

**B. The trial court's finding that Maisnik lacked standing to enforce the arbitration agreement is based on the trial court's finding of waiver and thus cannot stand.**

Having concluded that Jaybell's right to enforce the arbitration agreement was waived, the trial court denied Maisnik's motion to arbitrate on the ground that requiring the Rohans to arbitrate their claims against Maisnik while litigating their claims against Jaybell would risk inconsistent rulings and be prejudicial to the Rohans.

Jaybell and Maisnik owned the property sold to the Rohans as tenants in common, and Maisnik was sued as Jaybell's alter ego and agent. The trial court found that, in order to enforce the arbitration agreement, Maisnik was required to submit proof that he is in fact an alter ego or agent of Jaybell. Once again, *Victrola* tells us our trial court erred. The determination of standing to arbitrate is a question of law, and there are many instances in which nonparties to the arbitration agreement are allowed to compel arbitration. (*Victrola, supra*, 46 Cal.App.5th at pp. 351-352.) Under the doctrine of equitable estoppel, it is sufficient that the Rohans alleged that Maisnik was Jaybell's alter ego and agent. (*Id*. at p. 353.) In other words, the Rohans' allegation that Maisnik was Jaybell's alter ego estops the Rohans from claiming otherwise in response to Maisnik's motion to compel arbitration.

This matter is to be arbitrated against all Appellants.

## DISPOSITION

The order is reversed and the cause is remanded to the trial court with directions to enter a new order granting the motions to compel arbitration. Appellants shall recover their costs of appeal.

NOT TO BE PUBLISHED

VOGEL, J.*

We concur:


ROTHSCHILD, P. J.


CHANEY, J.

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.