Filed 9/20/23  Sampson v. GJ Gentry General Engineering CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| TONY SAMPSON et al.,<br><br>    Plaintiffs and Respondents,<br><br>    v.<br><br>GJ GENTRY GENERAL ENGINEERING, INC. et al.,<br><br>    Defendants and Appellants. | D082215<br><br>(Super. Ct. No. CIVDS1926604) |

APPEAL from an order of the Superior Court of San Bernardino, David S. Cohn, Judge.  Affirmed.

Prata & Daley, Robert J. Prata, and John F. Morning, for Defendants and Appellants.

Verum Law Group, Sam K. Kim, and Yoonish Han, for Plaintiffs and Respondents.

## INTRODUCTION

Over two years after plaintiffs Tony Sampson and Severo John Hernandez filed suit against their former employer, GJ Gentry General Engineering, Inc. (Gentry Engineering) and Garrett Gentry (collectively, the

Gentry Appellants), the Gentry Appellants moved to compel arbitration. The trial court denied the motion, finding the Gentry Appellants waived their right to invoke arbitration by unreasonably delaying their arbitration demand and by acting inconsistently with an intent to arbitrate. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Between 2017 and 2018, Gentry Engineering hired Severo John Hernandez and Tony Sampson (collectively, the Employees). During their employment, the Employees signed pages of an employee handbook in which they "agree[d] that arbitration shall be the exclusive forum for resolving all disputes arising out of or involving [their] employment with the Company or the termination of that employment . . . ." Gentry Engineering maintained the original signed documents in employment files that were kept in a locked file cabinet at the company offices.

In September 2019, Sampson filed a wage and hour class action lawsuit against Gentry Engineering in San Bernardino Superior Court. The same month, the trial court issued an "Initial Case Management Conference Order," which included an order that the parties prepare and file a joint report that would include a statement as to "[w]hether there are applicable arbitration agreements, and the parties' views on their enforceability." In response, Sampson and Gentry Engineering, "through their attorneys of record," filed a joint initial status conference statement stating, "[t]he Parties are not aware of any arbitration agreements. However, [Gentry Engineering] contends that [Sampson's] employment relationship with [Gentry Engineering] is governed by the Southern California Master Labor Agreement. This Agreement specifically provides a grievance process that must be followed by all laborers who are part of the union."

2

Shortly thereafter, Sampson and Hernandez filed an amended complaint adding Hernandez as a plaintiff, and on June 1, 2020, the Employees filed a second amended complaint adding Garrett Gentry as an individual defendant. The Gentry Appellants' answer to the second amended complaint did not assert an affirmative defense referencing arbitration.

The case moved forward in the Superior Court. At a case management conference in August 2020, the trial court set a June 4, 2021 deadline for the Employees' motion for class certification. In September 2020, Gentry Engineering served written responses to the Employees' first sets of discovery, and the parties agreed to set the Employees' deposition of the Gentry Appellants' person most qualified for April 19, 2021. Four days before that deposition, however, the Gentry Appellants notified the Employees that they were substituting new counsel—Prata & Daley LLP—which they did on April 20, 2021. For that reason, the parties agreed to reschedule the deposition and to continue to October 2021 the Employees' deadline to move for class certification. In September 2021, the parties once again agreed to continue the class certification motion deadline to February 2022.

On October 8, 2021, the Gentry Appellants advised the Employees' counsel for the first time that the Employees' lawsuit was precluded because they had signed arbitration agreements. Nonetheless, the parties decided to move forward with their February 2022 mediation, which was unsuccessful.

On March 21, 2022, the Gentry Appellants filed a motion to compel arbitration and to stay the Employees' lawsuit. As of that date, the Gentry Appellants had not yet propounded written discovery in the case or filed any other motions. The Employees opposed the Gentry Appellants' motion, contending that the Gentry Appellants had not established the existence of valid arbitration agreements, that the agreements were unconscionable and

3

unenforceable, and that the Gentry Appellants had waived their right to arbitrate. In reply, the Gentry Appellants argued that they had not waived arbitration because their participation in mediation was not inconsistent with seeking arbitration, they had not propounded any discovery or filed a counterclaim, their assertion of their right to arbitrate did not occur near a scheduled trial date, and the Employees' incurred fees and costs did not support a finding of prejudice or waiver.

On June 2, 2022, the trial court issued an initial tentative order but continued the motion hearing and requested supplemental briefing regarding (1) the authenticity of the arbitration agreements and (2) the impact of the U.S. Supreme Court's recent decision in *Morgan v. Sundance, Inc.* (2022) ___ U.S. ___ [142 S.Ct.1708, 212 L.Ed.2d 753] (*Morgan*).[1] In their supplemental brief, the Employees asserted that *Morgan* had eliminated any requirement that a plaintiff show prejudice to establish a defendant's waiver of arbitration. The Gentry Appellants' supplemental brief did not dispute that under *Morgan*, the court need not find that a party had been prejudiced by a claimed waiver; instead they argued that *Morgan* did not impact the standard for evaluating whether a waiver had occurred and thus, did not bear meaningfully on whether they had waived arbitration. The Gentry Appellants further contended that any delay in asserting their right to arbitration was caused, at least in part, by their "prior counsel's mistaken

---

[1] The court additionally requested evidence concerning the signing of the agreements. In its August 26, 2022 order, the court found that Gentry Engineering had carried its initial burden of establishing the existence of the arbitration agreements and that the Employees failed to carry their burden of challenging the agreement's validity. Because this finding was in the Gentry Appellants' favor and is not at issue in this appeal, we do not consider the issue.

4

failure to discover the arbitration agreement" and not because of any "know[ing] waive[r] [of] such an agreement."

Prior to the continued hearing, the court published a new tentative ruling, which referenced its prior tentative ruling. It then concluded that "Gentry Engineering carried its initial burden of establishing the existence of arbitration agreements with [the Employees]" and that the Gentry Appellants had waived their right to arbitrate.

In the tentative, the court reasoned in part that the Gentry Appellants were "obviously aware" of the existence of the arbitration agreements when they hired the Employees, and it noted the Gentry Appellants had provided "no meaningful explanation [for] their unreasonable delay in seeking arbitration." The court acknowledged the Gentry Appellants' allegation that their former counsel had mistakenly failed to discover the arbitration agreements but rejected this argument because the Gentry Appellants had offered no evidence to support it. The court further reasoned that the Gentry Appellants had unreasonably delayed for more than two years in moving to compel arbitration and that during those two years, they acted inconsistently with an intent to arbitrate, including by answering, representing to the court that they were unaware of any arbitration agreements, responding to discovery, and participating in mediation. After hearing argument at the hearing on the motion, the court adopted its written tentative as its final ruling and denied the motion.[2] The Gentry Appellants appealed.

---

[2] The Gentry Appellants opted to proceed with their appeal without a transcript of that August 26, 2022 hearing.

5

DISCUSSION

A.     *Standard of Review and Legal Principles*

We first consider the applicable standard of review—an issue that the parties dispute.  "Generally, the determination of waiver [of arbitration] is a question of fact" requiring the appellate court to review that finding for substantial evidence.  (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1196 (*St. Agnes*).)

The Gentry Appellants seek *de novo* review of the trial court's order denying their motion to compel arbitration.  They contend the facts are undisputed and therefore we can substitute our view for that of the trial court.  They cite *Desert Regional Medical Center, Inc. v. Miller* (2022) 87 Cal.App.5th 295, 307 (*Desert Regional*): " 'When, however, the facts are undisputed and only one inference may reasonably be drawn, the issue is one of law and the reviewing court is not bound by the trial court's ruling.' " (*Ibid.*, quoting *Platt Pacific Inc. v. Andelson* (1993) 6 Cal.4th 307, 319.)  In *Desert Regional*, however, "the issue of waiver of the right to compel arbitration turn[ed] on questions of law."  *Desert Regional*, at p. 307.  Not so here.

Further, although the facts may be undisputed, the record permits conflicting reasonable inferences about whether the Gentry Appellants waived arbitration.  For example, the trial court rejected the Gentry Appellants' unsupported contention that their prior attorneys' purported failure to discover the arbitration agreements partially caused their delay in seeking arbitration.[3]  Accordingly, in conducting our review, we "infer all

_____

[3]     As we discuss in greater detail below, the court instead reasonably found the Gentry Appellants knew of the arbitration agreements at the beginning of litigation, noting that Garrett Gentry's declaration described how Gentry Engineering, at his direction, had audited employee files in 2017.

necessary findings supported by substantial evidence and construe any reasonable inferences in the manner most favorable to the ruling, resolving all ambiguities to support an affirmance." (*Davis v. Shiekh Shoes, LLC* (2022) 84 Cal.App.5th 956, 962-963 [applying substantial evidence review where "the essential facts may not be in dispute, in the sense that no one doubts that party X did or did not do act Y on date Z[,]" but "even if there is no difference in opinion on such events or non-occurrences, the inferences to be drawn from the essential facts are conflicting"].)

Next, we determine whether our review is governed by the Federal Arbitration Act (FAA) or instead, California law. In its order denying the Gentry Appellants' motion to compel arbitration, the trial court accepted the Gentry Appellants' argument that the FAA applied, a position they supported with a declaration establishing Gentry Engineering's engagement in interstate commerce. (See *Woolls v. Superior Court* (2005) 127 Cal.App.4th 197, 212 ("For the FAA to apply, a contract must involve interstate commerce.").) We agree with the Employees that the FAA applies. Moreover, even if the Gentry Appellants now dispute the FAA's application, that argument is forfeited. (See *Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 997 (*Nellie*) [" 'As a general rule, theories not raised in the trial court cannot be asserted for the first time on appeal.' "].)

Regardless of the FAA's application, "[b]oth state and federal law emphasize that no single test delineates the nature of the conduct that will constitute a waiver of arbitration." (*St. Agnes, supra,* 31 Cal.4th at p. 1196; see also *id.* at p. 1194 [noting that "the federal and state rules applicable [to waiver] are very similar"].) In determining waiver, a court can consider the following factors: " ' "(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether 'the litigation machinery has been

7

substantially invoked' and the parties 'were well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) 'whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place'; and (6) whether the delay 'affected, misled, or prejudiced' the opposing party." ' " (*Id.* at p. 1196.) "No one of these factors predominates, and each case must be examined in context." (*Lewis v. Fletcher Jones Motor Cars, Inc.* (2012) 205 Cal.App.4th 436, 444 (*Lewis*).)

In *Morgan*, *supra*, ___ U.S. at page ___ [142 S. Ct. 1708], the United States Supreme Court recently held that under federal law, plaintiffs are not required to show prejudice in order to establish a defendant's waiver of the right to arbitrate.[4] Rather, the *Morgan* court highlighted the importance of focusing on the defendant's conduct: "Did [the defendant] knowingly relinquish the right to arbitrate by acting inconsistently with that right?" (*Id.* at p. 1714.)

B.    *Analysis*

The Gentry Appellants contend no factors supported the trial court's finding that they waived their right to arbitrate. We disagree. Because we conclude substantial evidence supports the trial court's findings that the

---

[4]    In their reply brief, the Gentry Appellants appear to concede that under *Morgan*, a prejudice showing is not required to establish waiver. Regardless, the Gentry Appellants forfeited any argument to the contrary by failing to raise it before the trial court. (See *Nellie, supra,* 4 Cal.App.5th at p. 997.)

Gentry Appellants unreasonably delayed in demanding arbitration and acted inconsistently with an intent to arbitrate, we affirm.[5]

First, substantial evidence supports the trial court's finding that the Gentry Appellants waived their right to arbitrate through unreasonable delay. As the trial court observed, the Gentry Appellants waited more than *two years* after being served with the initial complaint to move to compel arbitration. We have no difficulty concluding such a lengthy period qualifies as a delay.

Nor do we have difficulty concluding that delay was "unreasonable." The Gentry Appellants did not offer any rational justification to the trial court for their delay. And although they attempted to blame their prior attorneys' "mistaken failure to discover the arbitration agreement[ ]" for the delay, they offered no evidence for this position. Moreover, the evidence they did provide supported a strong inference that the Gentry Appellants were aware of the arbitration agreements from the very beginning of the lawsuit in 2019. In Garrett Gentry's declaration, he described creating the employment documentation procedures—including an arbitration agreement—and he stated that Gentry Engineering had audited employee files in 2017 "to ensure

---

[5]     The Employees additionally contend that the Gentry Appellants fail to address on appeal "one of the trial court's reasons for its decision"—that the arbitration agreements were unconscionable and unenforceable. We disagree with the Employees' reading of the trial court's order denying the motion to compel arbitration and instead, construe the order as relying only on the Gentry Appellants' waiver. (See August 26, 2022 order at p. 9 ["Given Defendants' unreasonable delay in seeking arbitration, and that prejudice is no longer a factor in considering waiver of arbitration under the FAA, the court finds that Defendants waived their right to arbitrate. Therefore, the motion to compel arbitration is denied."].) Our disagreement with the Employees on this point is of no moment, however, because we nonetheless affirm.

9

that all necessary employee paperwork (including, among other things, Employee handbook acknowledgments) had been signed." According to his declaration, the Employees' signed arbitration agreements were kept in the company's physical employment files in locked filing cabinets at the company offices. Thus, at all times during the litigation, Garrett Gentry and other company officials would have been well aware that Gentry Engineering had arbitration agreements that were presented to employees for signature and that the signed originals were maintained securely by the company. No one else would have been in a better position to know of and to assert the existence of the agreements.[6]

The Gentry Appellants additionally argue on appeal that their delay was not "unreasonable" because the lawsuit was a class action assigned to the superior court's complex litigation program and required more "extensive" pretrial procedures. If anything, however, this argument further supports an unreasonable delay finding. Indeed, the strong public policy favoring arbitration as " ' " 'a speedy and relatively inexpensive means of dispute resolution' " ' " is only undermined by waiting to invoke arbitration until after two years of such "extensive" pretrial procedures. (*Lewis, supra*, 205 Cal.App.4th at p. 443; see also *Sobremonte v. Superior Court* (1998) 61 Cal.App.4th 980, 996 (*Sobremonte*) ["Arbitration is an expedient, efficient and cost-effective method to resolve disputes. If we consider the amount of time and money they have already spent in the judicial system, any benefits they may have achieved from arbitration have been lost."].) We likewise find unpersuasive the Gentry Appellants' argument that the COVID-19 pandemic

---

[6] For these same reasons, we are unpersuaded by the Gentry Appellants' related contention that they could not waive a right they did not know they had. The prior substantial evidence supports a finding that they knew of the agreements.

delayed the trial date in this case and thus, that their two-year delay in seeking arbitration was not unreasonable. That argument again lacks any evidentiary support and regardless, does not justify the length of the delay at issue here.

Put simply, the Gentry Appellants' extensive delay in seeking arbitration was an appropriate factor for the court to consider in evaluating waiver. (*St. Agnes*, *supra*, 31 Cal.4th at p. 1196.) Considering the delay's length of more than two years and the Gentry Appellants' failure to show a compelling justification for that delay, substantial evidence supported the court's finding that the delay was unreasonable. (See e.g., *Garcia v. Haralambos Beverage Co.* (2021) 59 Cal.App.5th 534, 542-543 [affirming trial court's finding of 24-month delay to be unreasonable, even when considering the case's nine-month stay for mediation]; *Augusta v. Keehn & Associates* (2011) 193 Cal.App.4th 331, 338 [six-and-one-half-month delay unreasonable]; *Sobremonte*, *supra*, 61 Cal.App.4th at p. 996, [10-month delay unreasonable].) For the same reasons, we are not persuaded by the Gentry Appellants attempts to distinguish *Desert Regional*, *supra*, 87 Cal.App.5th 295 on the basis that it involved a four-year delay. (See *id.* at p. 317 [noting that, even accepting defendant's position that the delay was only *one year*, that delay supported the court's waiver finding].)

We further conclude substantial evidence supported the trial court's finding that the Gentry Appellants' conduct in the two years before filing their motion to compel arbitration was "inconsistent with seeking the right to arbitrate." (*St. Agnes*, *supra*, 31 Cal.4th at p. 1196.) Specifically, in a filed joint statement, the Gentry Appellants represented to the court that the parties were "not aware" of any arbitration agreements. They answered the Employees' second amended complaint without asserting an affirmative

11

defense regarding arbitration. They responded to the Employees' written discovery requests and agreed to set a deposition, all without objecting based on the existence of arbitration agreements. They engaged in private mediation. The trial court's finding that such actions were inconsistent with invoking a right to arbitrate was not unreasonable. (See e.g., *Sobremonte*, *supra*, 61 Cal.App.4th at p. 994 [identifying as examples of conduct inconsistent with arbitration to include the defendant's failure to object based on arbitration to discovery requests, discovery protective orders, or oppositions to motions to compel].)

Although the Gentry Appellants seek to portray their actions as consistent with seeking a right to arbitrate, their arguments are uncompelling. The Gentry Appellants complain that *they* did not represent to the court an unawareness of the arbitration agreements; this representation was instead made by their attorneys. Yet, they offer no authority or reasonable explanation for why their attorneys' representations to the court should not be attributed to them or why their attorneys purportedly did not know about the arbitration agreements. The Gentry Appellants further contend that in their joint statement, they stated their intention to enforce the "grievance process" in a collective bargaining agreement. They allege that their answer also asserted this defense as well as defenses based on the trial court's lack of jurisdiction and the Employees' failure to exhaust available remedies under "internal policies and procedures." But we cannot conclude these other defenses—which make no mention of arbitration—are consistent with seeking to compel arbitration, particularly when considering the Gentry Appellants' failure to demand arbitration for over two years and

12

their clear statement at the beginning of the litigation that they were "not aware" of any arbitration agreement.

The Gentry Appellants' remaining arguments are similarly unavailing. For instance, they argue that they did not file a counterclaim and never substantially invoked "litigation machinery" because they never propounded discovery requests or filed any motions. However, because some factors may not support waiver does not mean that *no* factors support waiver or that the trial court's order was not supported by substantial evidence. (See *Lewis*, *supra*, 205 Cal.App.4th at p. 444 ["No one of these factors predominates and each case must be examined in context."].) As discussed above, we conclude substantial evidence supported the trial court's finding that other relevant factors—unreasonable delay and the Gentry Appellants' inconsistent conduct—established the Gentry Appellants' waiver. Therefore, we affirm.

## DISPOSITION

The order denying the motion to compel arbitration is affirmed. Respondents are entitled to recover their costs on appeal.

KELETY, J.

WE CONCUR:


O'ROURKE, Acting P. J.


DATO, J.

13