In the Matter of the Arbitration Between BROADWAY–40TH STREET CORPORATION, Appellant, and PRESIDENT AND DIRECTORS OF MANHATTAN COMPANY, Respondent.

Argued November 21, 1946; decided January 16, 1947.

*Chester Rohrlich* and *I. Howard Lehman* for appellant. I. Section 1452 of the Civil Practice Act applies notwithstanding any delay in seeking arbitration under the agreement. II. Petitioner was not in default under the terms of the lease; any delay was attributable as much to respondent as to it; the timetable was subsidiary and did not go to the substance of the arbitration agreement.

*Ralph H. Wiener* and *Henry L. Flattau* for respondent. I. Having failed to comply with the lease, the landlord is in no position now to ask the court to overlook its fault in not invoking arbitration within the time agreed upon. II. There is no indication to be found that in enacting section 1452 of the Civil Practice Act, the Legislature had the slightest intention to rewrite contracts of arbitration or to make it impossible for parties to agree that action with respect to arbitration must be taken on or before a specified critical date.

*Per Curiam.* Section 1460 of the Civil Practice Act provides that an arbitration award, to be entitled to enforcement under article 84 of the Civil Practice Act, must be subscribed by the arbitrators " within the time limited in the submission or contract, if any ". In the present case it is undisputed that no steps initiating arbitration were taken until after expiration of the dates specified in the lease provision for the making of the arbitration award, and there is no claim that the parties agreed to extend the time for rendering the award or that the objection was waived. No valid award could be made in such circumstances, and petitioner therefore is not entitled to an order directing arbitration (cf. *Johnson* v. *Crawford,* 212 Pa. 502; *Brotherhood of Railway & Steamship Clerks* v. *Norfolk Southern Ry. Co.,* 143 F. 2d 1015; Sturges, Commercial Arbitrations and Awards, p. 523). We agree with the Appellate Division that section 1452 of the Civil Practice Act has no application where, as here, the contractual provisions for arbitration have expired by their own terms.

The order should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Order affirmed.