307 So.2d 876 (1975)
Johnny GISSENDANNER, Appellant,
v.
MANCHESTER INSURANCE CO., a Foreign Insurance Co., Doing Business in the State of Florida, Appellee.
No. 74-616.
District Court of Appeal of Florida, Third District.
February 11, 1975.
Levine, Helman & Reckson and Lewis W. Miles, II, Miami, for appellant.
Vernis & Bowling, and Ronald J. Raffony, Coconut Grove, for appellee.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
NATHAN, Judge.
This action was commenced by the insured, Gissendanner, appellant, on July 16, 1973, to compel arbitration of an uninsured motorist policy in which the appellee, Manchester Insurance Company, was the insurer.
The automobile accident on which Gissendanner seeks such arbitration occurred in February 1971, and shortly thereafter Gissendanner filed suit against Ingram, the alleged third party tort feasor. In February 1973, while the suit was pending, Gissendanner became aware that Ingram was uninsured and made demand for arbitration upon Manchester which demand was denied. This suit followed.
*877 Summary Judgment was entered by the trial court in favor of Manchester which is herein appealed. Gissendanner contends that institution of the suit against Ingram, the tort feasor in this instance does not constitute a bar or estoppel to his suit to compel arbitration. Manchester contends that Gissendanner waived his right to compel arbitration because by filing such suit against Ingram, the third party tort feasor, Gissendanner took a position inconsistent with the policy and further that the demand for arbitration was some two years after the accident and, therefore, not within a reasonable length of time, which delay constituted prejudice and thus a waiver. We disagree with Manchester's contentions.
The suit by Gissendanner against Ingram, the uninsured motorist, was not yet resolved nor was there any adjudication on the merits. The posture of such suit comports with the requirements of the policy that the insured protect the subrogation rights and interests of Manchester and, therefore, is not inconsistent with the policy of insurance. Manchester's contention that the demand for arbitration which was some two years after the accident and, therefore, prejudicial, is without merit as a reasonable time for such demand is fixed by analogy with the Statute of Limitations[1] which is five years, unless there be some special circumstances shown. Mendlein v. United States Fidelity and Guaranty Company, Fla.App. 1973, 277 So.2d 538. In the case sub judice, the record does not disclose any facts or findings thereon showing exceptional circumstances to justify shortening the time for demand or filing of the suit against Manchester to compel arbitration.
The summary judgment is, therefore, reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded with directions.
NOTES
[1] See § 95.11(3) Fla. Stat.