■ In the Matter of Saverio J. Valenti, Respondent-Appellant, v New York State Department of Taxation and Finance, Appellant-Respondent, and Barry Taylor, Respondent.—Cross appeals from an order of the Supreme Court at Special Term, entered May 23, 1975 in Albany County, which, in a proceeding pursuant to CPLR article 75, dismissed petitioner's application without prejudice and denied, as academic, a motion to dismiss the application upon an objection in point of law. On December 3, 1973 petitioner was suspended without pay from his position with the respondent New York State Department of Taxation and Finance. A hearing concerning the propriety of that action was concluded in February of 1974 before the respondent arbitrator under the terms of a collective bargaining agreement which specified, in part, that "a decision shall be rendered within five working days * * * after receipt of the transcript." Alleging noncompliance with that provision, despite delivery of the transcript and his repeated objection to the delay, petitioner commenced this proceeding in March of 1975 to restrain the arbitrator from exercising further authority in the matter and to obtain reinstatement to his position with back pay and accrued benefits. In response, the arbitrator attempted to submit a decision prior to the return date, which was rejected by the petitioner, and the employer objected to the petition in point of law contending, *inter alia,* that it failed to state a cause of action. Special Term found that the bargaining agreement did not provide for the contingency which had arisen; dismissed the petition without prejudice to an effort by petitioner to secure the designation of a new arbitrator; and denied the motion to dismiss as academic. These cross appeals then ensued with the petitioner arguing that he is entitled to reinstatement to his position and the respondent New York State Department of Taxation and Finance maintaining that the arbitration should continue before the same arbitrator. The contentions of both parties are seriously flawed and evince their misunderstanding of article 75 of the CPLR. Inasmuch as the petition was dismissed, there would seem to be no reason for an appeal by the employer. However, it apparently objects to that portion of the order implementing the dismissal without prejudice and would have us decide instead that petitioner is legally bound by the arbitrator's purported decision regardless of when it was rendered. In the absence of an application to confirm his award (CPLR 7510), there is nothing for us to consider or pass upon in that regard. Similarly, petitioner's requested relief of reinstatement is also unavailable, at least in this proceeding under article 75 of the CPLR, for its grant would necessitate court examination into the merits of a dispute which, concededly, the parties have already agreed to settle by arbitration (CPLR 7501). We are thus faced with a situation in which both parties have mistaken the scope of judicial concern in an arbitration proceeding. Nevertheless, since resort to arbitration is often impelled by a desire to avoid delay, we might ordinarily be inclined to reach the issue of delay contested by these litigants by treating this petition as one for court appointment of arbitrator for failure of his predecessor to act (CPLR 7504). Petitioner, however, is not seeking a new arbitrator and desires termination of the entire procedure, whereas the employer's position on the subject of delay is prematurely advanced. Furthermore, since the collective bargaining agreement was not made a part of the instant record, even if we assumed that replacement of the original arbitrator would be the correct disposition to reach in such a situation, it is entirely possible that some provision of the agreement governs the substitu-

tion process and would prevent court appointment of a successor. Therefore, we do not deem it advisable to consider the delay question at this time and, accordingly, we affirm the order of Special Term. Order affirmed, without costs. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.