In the Matter of the Arbitration between STATE OF NEW YORK, DEPARTMENT OF TAXATION AND FINANCE, Respondent, and SAVERIO J. VALENTI, Appellant.

Third Department, April 28, 1977

*O'Connor & Kenney (Thomas J. O'Connor* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (William J. Kogan and Ruth Kessler Toch* of counsel), for respondent.

HERLIHY, J. On December 3, 1973 the appellant was suspended from his position with the Sales Tax Bureau of the Department of Taxation and Finance upon allegations of misconduct (forgery) in regard to two sales tax refund vouchers (see *People v Valenti,* 56 AD2d 957). On January 2, 1974 the appellant requested arbitration of his suspension and dismissal pursuant to a collective bargaining agreement, and on February 25 and 26, 1974 hearings were held before an arbitrator. The collective bargaining agreement provided that the arbitrator was to render a decision within five working days after "the date of review * * * or after receipt of the transcript".

When an award/decision had not been handed down in over a year after the hearings and after the appellant had objected to such delay, the appellant commenced a proceeding pursuant to CPLR 7502 (subd [a]) seeking to prohibit the arbitrator from proceeding and requesting reinstatement to his position. Special Term of the Supreme Court dismissed the petition without prejudice to the right, if any, of the appellant to seek the designation of a new arbitrator and the dismissal of the petition was affirmed upon appeal *(Matter of Valenti v New York State Dept. of Taxation & Finance,* 52 AD2d 654). Subsequent to the initiation of the prior proceedings by appellant referred to hereinabove, the arbitrator rendered his decision that the dismissal of appellant was justified.

Following the affirmance by this court of the dismissal of the petition in the prior proceeding, the petitioner on or about April 20, 1976 and within one year of the service of the arbitrator's award (CPLR 7510) filed the instant petition seeking confirmation of the award. The appellant filed an answer alleging that the petition should be dismissed because the award is a nullity.

The appellant's contention in his answer before Special Term, and again upon this appeal, that the prior decisions and orders upon his petition seeking reinstatement *(Matter of Valenti v New York State Dept. of Taxation & Finance, supra)* held that he was entitled to a new arbitration before a new arbitrator as a matter of law is untenable. The sole result of the prior proceedings was to preserve to the appellant the right *to seek* to begin arbitration anew.

While the appellant's contentions that by virtue of *res judicata,* collateral estoppel and/or law of the case that the prior arbitration hearing is a nullity or ineffectual are without any merit, the answer filed herein is sufficient to raise the question of timeliness of the original arbitrator in rendering his award.

CPLR 7507 expressly provides that "the award shall be in writing, signed * * * within the time fixed by the agreement. * * * A party waives the objection that an award was not made within the time required unless he notifies the arbitrator in writing of his objection prior to the delivery of the award to him."

The present record establishes that the contract required a decision within a specified time and that the appellant objected prior to the delivery of the award. It is clearly established that CPLR 7507 was not complied with as to timeliness and that the appellant has not waived his right to object. Under former section 1460 of the Civil Practice Act it has been held that to be entitled to enforcement the time limitation in the contract had to be complied with *(Matter of Broadway—40th St. Corp. [Manhattan Co.],* 296 NY 165). CPLR 7507 provides for an objection, but it does not provide that the award will be unenforceable. CPLR 7511 (subd [b], par 1) requires a finding of prejudice as to the rights of the appellant in situations such as the present one and the present record does not disclose any such prejudice.

While it is possible that in some cases the demand of a party that an arbitrator proceed timely or the filing of an objection with the arbitrator would presumptively be prejudicial by being upon its face critical of the arbitrator, in the present case the appellant has made no claim of prejudice. The May 14, 1975 decision of the Special Term upon the appellant's prior application to terminate the arbitration noted that the arbitrator had appeared before the court and had stated that he told the attorneys for appellant long before any final objection that he was going to recommend the dismissal of appellant. The record contains no denial by appellant of such knowledge and we find no prejudice in this particular case.

The judgment should be affirmed, without costs.

GREENBLOTT, J. P., SWEENEY, MAIN and LARKIN, JJ., concur.

Judgment affirmed, without costs.