WENTWORTH, Judge.
This is an appeal from an order of the State Road Arbitration Board[1] awarding compensation for freight costs in excess of the amount anticipated by appellee when submitting its bid. We reverse because we find that the contract between the parties is not susceptible of such construction.
On April 23, 1979, the Department of Transportation and Jasper Construction Co. entered into a contract for the construction of a portion of 1-75. The Department’s Standard Specifications for Road and Bridge Construction (specifications) were incorporated and made a part of that contract. Pursuant to § 9-5.6[2] of the specifications Jasper elected to subject the freight costs of the necessary coarse aggregate to the rate adjustment provisions found in § 9-5.5(c).[3] The subcontractor (appellee) filed a form with the Department listing the current freight rate for coarse aggregate as $5.65 per ton. Although appellee had intended to ship the aggregate from Miami to its asphalt plant in Port Charlotte by rail, at the time of shipping there was an embargo on that route, making rail transport impossible. As a result, the aggregate was shipped by truck at an excess cost of approximately $26,000. Appellee filed a claim with the Department alleging entitlement to compensation under § 9-5.2 of the specifications. The Department denied the claim on the ground that § 9-5 precluded recovery for increased rates incurred under these circumstances.
A hearing before the State Road Arbitration Board resulted in the order now appealed. The Board found that appellee’s bid had been based on an expectation that the railroad transportation would be available and appellee could not have anticipated that such would not be the case. Based on these findings, the Board ordered the Department to compensate appellee pursuant to the formula found in § 9-5.5(c) of the specifications.[4]
*1283 Appellant argues that § 9-5 of the specifications is an explicit contractual provision, addressing the situations in which contractors are entitled to compensation for rate increases. Due to certain provisions within § 9-5, discussed more specifically below, appellant argues that the increased costs incurred by appellee here did not result from circumstances entitling it to compensation, and therefore the Board exceeded its authority in ordering the award. Ap-pellee argues that the Board properly determined that § 9-5 evidences the parties’ intent to remove freight rate considerations from the bidding process. Appellee also suggests that the scope of review should be limited to that found in the general arbitration statute. § 682.13, Florida Statutes. If the latter suggestion were correct, we would be inclined to affirm as there is no evidence that the award was procured by fraud, partiality, or other fundamental unfairness described in § 682.13. For the reasons noted below, however, we find that orders of the Board are agency action subject to the review provisions of Chapter 120, Florida Statutes, as to both procedures and standards for review.
Prior to 1978, § 337.32(7) provided for review of the Board’s decisions in circuit court. Subsection 7(a)3 permitted review on the ground that “the order is unreasonable in that it is not supported by the evidence ... . ” In 1978, Chapter 78-95 was enacted, with the primary purpose to:
. . . repeal or amend various provisions of the Florida Statutes containing procedural language superseded or made redundant by Chapter 120 of the Florida Statutes (The Administrative Procedure Act). The act is designed to place the provisions affected into conformity with Chapter 120 except where expressly noted to the contrary.
Chapter 78-95, § 1. By § 56, all of § 337.-32(7) was repealed.
Our consideration of the legislative history of § 337.32(7)a indicates a lack of intent to establish a true arbitration board such as might be governed by Chapter 682, Florida Statutes, and any pretense of review standards different from agency review generally was abandoned, by the inclusion of § 337.32 in Chapter 78-95. We therefore find that the order of the State Road Arbitration Board here in question is agency action reviewable pursuant to § 120.68, Florida Statutes.
Upon consideration of the merits of the order, we reverse. The authority of the Board in adjudicating contract disputes is limited to determining the proper interpretation and application of the contract provisions which are involved. § 337.32(5), Florida Statutes. The provisions of § 9-5 are unquestionably provisions of a valid contract in effect between the parties, which delineate the circumstances in which contractors are entitled to rate adjustments. Section 9-5.1 provides:
9-5.1 General: Except as provided hereinafter for certain railroad freight rates, no allowance or deduction will be made for any increase or decrease in common carrier rates or transportation costs on materials .... (e.s.)
Thus, the provisions permitting allowance for increased rates are the exception, not the rule. Section 9-5.2 provides:
9-5.2 Materials on which Adjustment is Allowable: Allowance or deduction for any changes in railroad freight rates may be made under the provisions of this Article, only for the construction materials described and limited below.

(6) Fine and coarse aggregate for as-phaltic mixtures of bituminous surface treatments (mineral filler excluded), (e.s.)
Although the construction material involved here is a type for which allowances may be made, the change in freight rates did not result from a change in railroad freight rates; it resulted from a change in transportation from rail to truck. In addition, § 9-5.9 provides:
9-5.9 Change in Shipping Methods or Points; Errors in Rate Quotations:
*1284 The Department will not make any allowances for increased freight cost due to errors in the affidavit or quotations, or change in type of transportation .... (e.s.)
If the purpose of § 9-5 were to remove freight cost considerations from the bidding process when the contractor initially intends to ship by rail, the last-quoted provision would not be included in the contract.
We therefore find that a proper interpretation of the foregoing contract provisions can only result in a denial of appellee’s claim for an allowance.[5]
The order is accordingly reversed.
SHIVERS and JOANOS, JJ., concur.

. A statutory body governed by § 337.32, Florida Statutes.

. 9-5.6 Contractor’s Option for Excluding Materials: The successful bidder shall exercise the option of including or of excluding, any or all of the designated applicable materials from the provisions of this Article. Such option and affidavit as provided in 9-5.7 shall be exercised on a form which will be inserted in the contract forms at the time of award.

. 9-5.5 ...
(c) The amount of the contract adjustment shall be further limited to 90 percent of the excess base freight cost increase or decrease over the $1,000 deductible amount.

. Id.

. As noted previously, appellee’s initial claim was grounded upon § 9-5 of the Standard Specifications.