PER CURIAM.
The Department of Transportation (DOT) timely filed a petition for writ of certiorari from the trial court’s order denying its motion to dismiss the counterclaim filed by the respondent White Construction Company, Inc. (White). The petition for certiorari is granted and the trial court’s order denying the motion to dismiss the counterclaim is quashed.
On October 29, 1974, one of White’s corporate predecessors contracted with DOT to construct a portion of Interstate 10. In October 1983, DOT sued White to recover approximately $136,000 it had allegedly overpaid White. White filed an answer and a counterclaim seeking damages for alleged breach of contract by DOT. DOT moved to dismiss the counterclaim on grounds that it was barred by sovereign immunity. The trial court denied DOT’s motion to dismiss the counterclaim.
DOT filed a “Petition for Writ of Prohibition and/or Writ Certiorari,” which this court treated as a petition for writ of cer-tiorari and entered an order for White to show cause. White filed a response and DOT a reply to the response.
DOT alleged in its complaint below that work on the contract was complete on or about August 20, 1979. White denied this allegation in its answer and did not allege in its counterclaim the date on which it contended work on the contract was complete. In its response to the order to show cause White alleged that construction work was finished in August 1979 and accepted by DOT in December 1979. In its reply to the response, DOT agreed with those dates of completion and acceptance.
The waiver of sovereign immunity which permits the bringing of contract actions for work done against DOT is set out at § 337.19, Fla.Stat., which provides:
337.19 Suits by and against department; limitation of actions; forum.—
(1) Suits at law and in equity may be brought and maintained by and against the department on any claim under contract for work done; provided, that no suit sounding in tort shall be maintained against the department.
(2) Suits against the department under this section can only be commenced within 2 years from and after the time of the completion of the work done.
(3) All actions and suits brought against the department after July 9, 1969, shall be brought in the county or counties where the cause of action accrued or in Leon County.
In his order denying DOT’s motion to dismiss, the trial judge found that this two-year limitation of subsection (2) was an affirmative defense which must be asserted in accordance with Rule 1.110(d), Fla.R.Civ.P. DOT contended the two-year limitation was a condition precedent to the bringing of a contract action for work done against it and that compliance with this condition must be specifically alleged in a complaint or counterclaim. We agree with DOT’s contention. Normally a statute of limitations is an affirmative defense which must be pled as an affirmative defense and there is no necessity for an allegation in a complaint or counterclaim of facts to demonstrate that the statute of limitations has not expired. However, in this case the limitation is not a limitation of action such as those contained in Chapter 95, Fla.Stat., but is a condition precedent to the waiver of sovereign immunity and the right to bring a contract action against DOT. It appears from the record that the trial judge did not have the benefit of the Supreme Court’s decision in Levine v. Dade County School Board, 442 So.2d 210 (Fla.1983) which controls here and which was decided only a few weeks before the entry of his order. Levine holds that conditions precedent in a waiver of sovereign immunity statute must not only be complied with before a suit may be maintained, but also *35 the complaint must specifically allege compliance with the conditions precedent.
The record suggests that the time for filing a contract action against DOT on the contract in question had expired and that the counterclaimant cannot fulfill the time requirement. If that is true, the trial court would have no alternative but to dismiss the counterclaim with prejudice. However, the facts in the record do not conclusively establish the date that work under the contract was completed.
The petition for certiorari is granted. The order denying DOT’s motion to dismiss is quashed and the case is remanded for further proceedings consistent with this opinion.
ERVIN, C.J., and THOMPSON and WIG-GINTON, JJ., concur.