PATTERSON, Judge.
The Cone Corporation (Cone) appeals from a final action of the State Arbitration Board (Board) which denied Cone’s claim for funds withheld by the Florida Department of Transportation (DOT) in a construction contract dispute. We reverse.
Cone and the DOT entered into a written contract for construction of a state road project which had federal aid participation by the Federal Highway Administration (FHWA). The contract contained a Disadvantaged Business Enterprise (DBE) goal of $60,000 for subcontractors. Cone listed on the required DBE form the firm of H.S. Thompson.
During the course of construction, H.S. Thompson refused to perform all of its $60,000 worth of work because it was too busy completing other projects the DOT had with other contractors. The DBE left $16,912 worth of its work to be performed by Cone or others. Cone completed this work with its own forces and did not obtain a replacement DBE subcontractor because it would have delayed completion of the job, subjected Cone to liquidated damages and subjected Cone to possible suspension from bidding other projects for the DOT for being behind time on this project. The FHWA advised the DOT that the FHWA did not accept Cone’s basis for not meeting the DBE goal. The DOT then deducted the $16,912 from payments it owed to Cone on the project.
Cone made a demand for arbitration pursuant to section 337.185, Florida Statutes (1987), claiming the $16,912 deducted and interest of $3,044. In its order the Board found that Cone breached the contract by performing work with its own forces for items which were identified as work to be performed by a DBE firm. The Board concluded that use of the approved DBE is “work necessary for complete performance of the contract.” The Board then denied Cone’s claim based on article 9-7.3 of the Standard Specifications for Road and Bridge Construction:
9-7.3 Withholding payment for defective work: Should any defective work or material be discovered prior to the *531 final acceptance, or should a reasonable doubt arise prior to final acceptance as to the integrity of any part of the completed work, payment for such defective or questioned work will not be allowed until the defect has been remedied and causes for doubt removed.
The State Arbitration Board has the authority only to interpret and apply the contract provisions involved in construction contract disputes between the DOT and various contractors. § 337.185, Fla.Stat. (1987). The standard of review for agency action pursuant to section 120.68, Florida Statutes (1987), is applicable to the Board’s order. See Dept. of Transp. v. MacAsphalt, Inc., 429 So.2d 1281 (Fla. 1st DCA 1983). In Cohen v. School Bd. of Dade County, Fla., 450 So.2d 1238, 1241 (Fla. 3d DCA 1984), the court stated the standard of review for final agency action:
It is axiomatic that where substantial competent evidence supports the findings and conclusions of the administrative agency and the record discloses neither an abuse of discretion nor a violation of law by the agency, this court should not overturn the agency’s determination.
In its order the Board determined “defective work” to include Cone’s performance of work which was scheduled to be performed by a DBE. Such a conclusion is not supported by substantial competent evidence. The completion of the work by someone other than the DBE by no means renders the work “defective.” As Cone notes in its brief, the “defective work” provision of the contract pertains to the failure to perform work in accordance with the technical requirements of the contract specifications as to the actual construction. Thus, although we agree with the Board’s legal interpretation that Cone breached the contract, we determine it was an error of law to conclude that the breach fell within the “defective work” provision.
With respect to Cone’s equal protection argument, Cone waived its right to challenge the contractual DBE requirements by failing to raise the issue in a bid protest. § 120.53(5), Fla.Stat. (1987); See Capeletti Bros., Inc. v. Dept, of Transp., 499 So.2d 855, 857 (Fla. 1st DCA 1986). Cone's other arguments merit no discussion in light of this opinion.
Although the DOT may be entitled to an offset for its loss, if any, in participating funds from the FHWA as a result of Cone’s breach of contract, that issue was not presented to the Board. Therefore, this case is reversed and remanded for the entry of an order consistent with this opinion.
HALL, A.C.J., and PARKER, J., concur.