705 So.2d 100 (1998)
CROWN BANK, Appellant,
v.
U.S. MORTGAGE NETWORK CORPORATION, etc., et al., Appellee.
No. 97-0675.
District Court of Appeal of Florida, Fifth District.
January 16, 1998.
*101 M. Bradley Luczak and Sally R. Murray of Sobering, White & Luczak, P.A., Orlando, for Appellant.
James R. Neiset, St. Petersburg, for Appellee, Sidney A. Lewis.
No Appearance for Appellee, U.S. Mortgage Network Corporation.
ANTOON, Judge.
Crown Bank (bank) appeals the circuit court's order dismissing its complaint against U.S. Mortgage Network Corporation (U.S.Mortgage) for lack of subject matter jurisdiction. We reverse because the uncontroverted record evidence and the trial court's findings of fact demonstrate that the bank's complaint was filed in the circuit court in good faith.
The bank loaned two million dollars to U.S. Mortgage and then later required U.S. Mortgage to deposit $3,000 into a restricted account as additional collateral for the loan. When U.S. Mortgage failed to repay the loan, the bank sued U.S. Mortgage for $16,724 in damages.
After the lawsuit was filed, the bank consulted with counsel regarding the status of the $3,000 collateral. Counsel advised the bank to apply the $3,000 against the outstanding balance due. This calculation reduced the loan balance to $13,724, an amount obviously below the $15,000 minimal amount required for subject matter jurisdiction in the circuit court. U.S. Mortgage then moved to dismiss the bank's complaint, arguing that jurisdiction at the time the lawsuit was filed was in the county court. The trial court agreed and dismissed the lawsuit.
The jurisdiction of the circuit court is determined by the sums claimed and put into controversy in good faith. Dade County v. Lambert, 334 So.2d 844, 847 (Fla. 3d DCA 1976). If the sum claimed is made in good faith and not for the illusory purpose of conferring jurisdiction on a particular court, it should be accepted as true. Thibadeau v. Santini Bros., Inc., 315 So.2d 550, 552 (Fla. 4th DCA 1975). This test is most often applied when the claim is for unliquidated damages, as in a negligence case, for example. Nonetheless, in our view, the principle also applies to cases such as this one where the claim is for a specific sum of money but there is also an unexercised right to seize and apply other funds which might eventually reduce the amount of the claim.
Here, any question regarding the bank's motives in invoking the jurisdiction of the circuit court was resolved by the findings of fact made by the trial court. In this regard, the trial court determined that the bank did not intend to improperly confer jurisdiction on the circuit court. Also, the instant record is devoid of any evidence suggesting that the bank's original claim for $16,724 was not made in good faith since the only testimony presented relevant to this issue came from the senior vice president of the bank who stated that she "wasn't sure when [the bank] had the right to take [the $3,000 deposit]," to reduce the balance owed on the loan until she had received legal advice after the lawsuit was filed.
It appears that the trial court decided to dismiss the bank's lawsuit based upon the conclusion that the bank's constructive knowledge of its right to apply the $3,000 deposit to U.S. Mortgage's outstanding loan *102 balance created a duty to exercise the right of setoff and that the bank's failure to do so constituted bad faith. We disagree. In Barnett Bank of Palm Beach County, N.A., v. Regency Highland Condominium Ass'n, Inc., 452 So.2d 587, 590 (Fla. 4th DCA), rev. dismissed, 458 So.2d 273 (Fla.1984), the fourth district explained that "lack of good faith must be the result of actual, not constructive, knowledge of the wrongdoing tantamount to dishonesty or bad faith." We adopt this definition and hold that whatever constructive knowledge the bank possessed regarding its right to apply the $3,000 deposit to the outstanding loan balance did not constitute bad faith.
Accordingly, we reverse the trial court's dismissal order and remand this matter for further proceedings.
REVERSED and REMANDED.
GRIFFIN, C.J., and HARRIS, J., concur.