839 So.2d 856 (2003)
HYPOWER, INC., Appellant,
v.
The STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. 1D01-4928.
District Court of Appeal of Florida, First District.
March 10, 2003.
Mike Piscitelli and Bradley S. Copenhaver of Vezina, Lawrence & Piscitelli, P.A., Ft. Lauderdale, for Appellant.
*857 Pamela S. Leslie, General Counsel; and Marianne A. Trussell, Deputy General Counsel, Tallahassee, for Appellee.
BROWNING, J.
Appellant, Hypower, Incorporated (Hypower), challenges the denial of its request for arbitration of its dispute with the Florida Department of Transportation (FDOT) by the State Arbitration Board (Board). We reverse and remand for further proceedings.
Hypower was awarded contract number 19583 with the FDOT, for work on signalization systems in Broward County. The FDOT later sent Hypower a qualified letter of acceptance, stating in part that any pending arbitration claim or suit on contracts numbered 18520 and greater must be commenced within two years and four months of the final acceptance of the work. Hypower executed the qualified letter of acceptance. The FDOT took final acceptance of Hypower's work on May 6, 1999.
Hypower later sought arbitration to recover extended performance costs. Hypower filed its arbitration request with the Board on September 5, 2001, exactly two years and four months, or 853 days, after the final acceptance. The Board declined the request, reasoning that the request was submitted more than 820 days after the final acceptance of the work. Hypower appealed. We hold that Hypower's request was timely.
The FDOT argues that the 820-day period within which to file an arbitration request, set forth in section 337.19, Florida Statutes, is a limited waiver of sovereign immunity. However, section 337.19 is not applicable to the instant case, because it relates only to lawsuits and is completely unrelated to section 337.185, Florida Statutes, which sets forth the entire arbitration scheme and establishes the Board. Although there is a waiver of sovereign immunity in the instant case, it is not limited. Sovereign immunity is waived in the contracts context, not by statute, but by the fact of the contract itself. See Pan-Am Tobacco Corp. v. Dep't of Corrections, 471 So.2d 4 (Fla.1985). Any subsequent time limit on filings is a limitations period.
The applicable version of section 337.185 does not set forth a time period within which to file arbitration requests. The statute was amended in 2002 to add an 820-day limitations period. Ch.2002-20, § 13, at 504-05, Laws of Fla. Accordingly, Appellee argues that this amendment, described by the legislature as a clarification, mandates an affirmance, but we disagree.
The original statute was first enacted in 1969, as section 337.32, Florida Statutes. Ch. 69-351, § 1, at 1230, Laws of Fla. In view of the great lapse of time since such statute's enactment, a clarification such as Appellee maintains is without merit and cannot be judicially sanctioned. See State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55 (Fla.1995). Furthermore, the application of such clarification would impermissibly impair Appellant's vested rights and cannot be allowed. See id.
Because the version of section 337.185 applicable here contains no limitations period governing arbitration, the arbitration request must be made only within a reasonable time. See Stoudenmire v. Florida Loan Co., 117 So.2d 500 (Fla. 1st DCA 1960); Gissendanner v. Manchester Ins. Co., 307 So.2d 876 (Fla. 3d DCA 1975). Here, the parties' contract provided for a 820-day arbitration filing period. However, the qualified acceptance letter from the FDOT to Hypower extended that limitations period to 853 days. See Hankey v. Yarian, 755 So.2d 93, 97 (Fla.2000) (noting that parties can agree to extend a limitations period). Thus, Hypower's arbitration request was timely.
*858 Accordingly, we REVERSE the Board's denial of the request as untimely, and REMAND for further proceedings.
DAVIS and POLSTON, JJ., concur.