860 So.2d 1064 (2003)
WHITE CONSTRUCTION COMPANY, INC., Appellant,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. 1D02-2267.
District Court of Appeal of Florida, First District.
December 9, 2003.
*1065 Susan S. Oosting and R. Thomas Roberts, Jacksonville, for Appellant.
Pamela S. Leslie, General Counsel and Marianne A. Trussell, Deputy General Counsel, Department of Transportation, Tallahassee, for Appellee.

CORRECTED OPINION
VAN NORTWICK, J.
White Construction Company (White) appeals a final order of the State Arbitration Board (the Board) denying White's request to arbitrate a dispute with the Florida Department of Transportation (DOT) on the grounds that the Board lacked jurisdiction because White failed to file its request for arbitration within 820 days after acceptance of the work as required by the terms of the contract between White and the DOT. We agree that under the terms of contract and DOT specifications incorporated therein the 820-day filing requirement is a condition precedent to arbitration and, thus, we affirm.

Statutory Framework
Section 337.185(1), Florida Statutes (1999), creates the Board and establishes a structure for the resolution of claims arising out of construction contracts with the DOT. Under this statute, the appropriate jurisdiction for the claim is dependent upon the amount of the claim. Contractual claims in an amount up to $250,000 per contract are required to be arbitrated by the Board. Contractual claims greater than $250,000 per contract may be adjudicated either in circuit court or before the Board. Claims up to $500,000 per contract may be arbitrated by the Board at the option of the claimant, while claims up to $1 million per contract may be arbitrated by the Board upon the agreement of the parties. Further, either DOT or the contractor may request that the claim be submitted to "binding private arbitration." "A court of law may not consider the settlement of such a claim until the process established by this section has been exhausted." Id. The 2002 Legislature amended section 337.185, adding a sentence to subsection (3) which requires arbitration requests to be made to the Board within 820 days after final acceptance of the work. Ch.2002-20, § 13 at 504-05, Laws of Fla.
Section 337.185 is silent as to whether the circuit court retains jurisdiction when, as here, an action is filed in circuit court for a claim in excess of $250,000, but the damages claimed are later reduced to an amount less than $250,000. White argues, and we agree, that, if the original jurisdictional amount of the claim is determined to have been filed in good faith, the circuit court will retain jurisdiction even when the actual damages are later shown to be less than $250,000. See Becker v. Re/Max Horizons Realty, Inc., 819 So.2d 887 (Fla. 1st DCA 2002); Crown Bank v. U.S. Mortgage Network Corp., 705 So.2d 100 (Fla. 5th DCA 1998); Norris v. Southern Bell Telephone and Telegraph Co., 324 So.2d 108 (Fla. 3d DCA 1975); Castellano v. Bader Bros. Van Lines, Inc., 208 So.2d 842 (Fla. 3d DCA 1968); Spencer v. Florida-Georgia Tractor Co., 114 So.2d 466 (Fla. 3d DCA 1959). To hold otherwise would require prudent parties to file a claim with good faith damages in excess of $250,000 both in the circuit court and before the Board, if there was a risk that the damages may be reduced to an amount less than $250,000. We cannot read section 337.185 to intend such a costly and inefficient dual procedure. See, e.g., National Neighbors, Inc. v. United States, 839 F.2d 1539 (D.C.Cir.1988)(Contractor filed complaint in Claims Court while identical claim was pending in the Board of *1066 Contract Appeals. The Claims Court dismissed the complaint as premature, but the Court of Appeals held that the dismissal was premature, because the Board had not determined whether the contractor's appeal was timely filed and, accordingly, whether it had jurisdiction, and, therefore, the Claims Court proceeding was not ripe for dismissal).
With respect to actions in court, section 337.19 provides, in pertinent part:
(1) Suits at law and in equity may be brought and maintained by and against the department on any contract claim arising from breach of an express provision or an implied covenant of a written agreement or a written directive issued by the department pursuant to the written agreement....
(2) Suits by and against the department under this section shall be commenced within 820 days of the final acceptance of the work.

Background
White and DOT entered into a contract for improvements to State Road 10 in Okaloosa County. The parties agree that the contract incorporated by reference various standard DOT specifications. These specifications included Supplemental Specifications to Section 9-9(a) of the 1991 Standard Specifications for Road and Bridge Construction (1994) which provides, in pertinent part, that requests for arbitration "be commenced within 820 calendar days from and after the date of final acceptance of the work done and that failure to file a formal claim within this period constitutes full acceptance."
Final acceptance of the project by DOT was issued on April 29, 1999. On July 16, 2001, White filed suit against DOT in Leon County Circuit Court for breach of contract claiming damages of $2,065,387.81. Several months later, White determined that the damages on this project were substantially less, and reduced its claim to $201,946.58. White moved the trial court to stay the court proceedings and to transfer the action to the Board. The trial court stayed the proceeding before it to allow White to request arbitration, but did not order the action to be transferred. White filed its request for arbitration with the Board on March 21, 2002.
DOT opposed the arbitration request arguing that the claim was barred because it was filed beyond the 820-day time limitation in section 337.19, Florida Statutes (1999). In denying arbitration, however, the Board relied upon neither section 337.185(1) nor section 337.19. Instead, the Board relied upon the specifications incorporated into the parties' contract. The Board explained that the contract was:
administered under The Standard Specifications for Road and Bridge Construction. Section 9-9 of those specifications states claims submitted to the State Arbitration Board must be filed within 820 days after acceptance of the work. In no way does this specification suggest the claim may be submitted to another jurisdiction and then returned to the Arbitration Board at a time after the 820 days.
White then filed this appeal seeking review of the Board's decision.

Analysis
Many of the issues raised here by the DOT have been addressed and resolved by this court's recent opinion in Hypower, Inc. v. State Department of Transportation, 839 So.2d 856 (Fla. 1st DCA 2003). The Hypower court rejected DOT's contention that the 2002 amendments to section 337.185 applied retroactively to bar Hypower's arbitration request, because to give such a retroactive application to the statute would impair Hypower's vested *1067 rights. Id. at 857. In addition, the Hypower court rejected DOT's argument that section 337.19 precludes any arbitration action against DOT filed after the 820-day period provided for in section 337.19(2). This court explained in Hypower:
[S]ection 337.19 is not applicable to the instant case, because it relates only to lawsuits and is completely unrelated to section 337.185, Florida Statutes, which sets forth the entire arbitration scheme and establishes the Board.
Id.
Similarly, we reject DOT's argument that, because the state only agreed to waive sovereign immunity on the condition precedent that suit be brought within 820 days, section 337.19 should be interpreted as a limited sovereign immunity statute. See Department of Transportation v. White Construction Company, Inc., 452 So.2d 33 (Fla. 1st DCA 1984). While such an interpretation may have been correct before the decision in Pan-Am Tobacco Corp. v. Department of Corrections, 471 So.2d 4 (Fla.1984), the argument no longer has any continuing validity. Under Pan-Am, the state has been deemed to waive sovereign immunity for suits alleging breach of an express contract with the state. The waiver applies to DOT. The time limit in section 337.19(2) is solely a limitations period. See Hypower, 839 So.2d at 857.
Turning to the central issue presented here, whether the parties' contract barred an arbitration claim after 820 days, as a threshold matter we hold that it was the Board's prerogative to decide this issue. See Department of Transportation v. MacAsphalt, Inc., 429 So.2d 1281, 1283 (Fla. 1st DCA 1983)(ruling that the Arbitration Board has the authority to determine the proper interpretation and application of contract provisions); CED Construction, Inc. v. Kaiser-Taulbee Assocs., Inc., 816 So.2d 813, 814 (Fla. 5th DCA 2002)("The issue of whether the demand for arbitration was timely is a question of fact to be decided by arbitration, not the trial court."); compare Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002)(holding interpretation of NASD arbitration time limit rule was a matter presumptively for the arbitrator). On the merits of this issue, while this particular question has not been decided in Florida, courts in other jurisdictions have held that, where the parties have a contract which provides a specific time limit for requesting arbitration, compliance with that contract provision is required prior to pursuing a claim for arbitration. See Platt Pacific, Inc. v. Andelson, 6 Cal.4th 307, 24 Cal.Rptr.2d 597, 862 P.2d 158 (1993); BroadwayFortieth St. Corp. v. President and Directors of Manhattan Co., 296 N.Y. 165, 71 N.E.2d 451 (1947); Application of Trimount Clothing Co., Inc., 112 N.Y.S.2d 814 (1952); Dickens v. Pennsylvania Turnpike Commission, 351 Pa. 252, 40 A.2d 421 (1945); see also E.L. Kellett, Annot., Delay in Asserting Contractual Right to Arbitration as Precluding Enforcement Thereof, 25 A.L.R. 3d 1171 (1969). As the California Supreme Court explained in Andelson:
[A] contractual requirement that a party's demand for arbitration must be made within a certain time is a condition precedent to the right to arbitration. In the absence of a legal excuse or subsequent modification of the parties' agreement, the failure to submit the dispute to arbitration within the agreed time precludes judicial enforcement of the right to arbitrate.
Andelson, 24 Cal.Rptr.2d 597, 862 P.2d at 167. We agree with the reasoning of the Andelson court and affirm the Board's ruling that appellant's request for arbitration *1068 is time-barred because it was filed beyond the 820 days provided for in the parties' contract.
Further, we reject White's arguments that the 820-day limitation period should be deemed tolled or estopped under the circumstances of this case. First, White submits that the concept of equitable tolling should apply and that, as a result, this court should remand to the Board for a determination of its factual applicability. In Machules v. Department of Administration, 523 So.2d 1132, 1134 (Fla.1988), the Florida Supreme Court explained that equitable tolling "has been applied when the plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum." White has not alleged that it has been misled or prevented from asserting its rights and has cited no authority for the proposition that, absent fraudulent or misleading conduct by another party to the contract, the concept of equitable tolling applies to a contractual provision setting forth a time period within which a claim for arbitration must be filed. Compare Ohio Co. v. Nemecek, 98 F.3d 234 (6th Cir.1996)(holding that six-year period for commencing arbitration proceeding, set forth in New York Stock Exchange rule 603, was not subject to equitable tolling); see also Peggy Rose Revocable Trust v. Eppich, 640 N.W.2d 601 (Minn.2002)(declining to disturb court of appeals decision that equitable tolling did not apply to contract's arbitration provision, but holding that 18-month limitations period for requesting arbitration in real estate contract was not reasonable as to the buyers' claim of fraud).
Next, White argues that the case on appeal is governed by Major League Baseball v. Morsani, 790 So.2d 1071 (Fla.2001), a decision applying the doctrine of equitable estoppel to an action filed outside of the applicable statute of limitations. However, equitable estoppel does not apply here, because White's failure to timely request arbitration is not attributable to DOT's wrongdoing. Id. at 1076-77; Florida Department of Health and Rehabilitative Services v. S.A.P., 835 So.2d 1091 (Fla.2002).
Finally, White contends that its timely filed lawsuit in circuit court can be transferred by the trial court to the Board, because its timely filed claim subsequently came within the monetary limits of section 337.185(1). Of course, Florida Rule of Civil Procedure 1.060 allows the circuit court to transfer a case within the state court system to any court in the same county that has jurisdiction, or, in some circumstances, to a court in another county. This rule does not address, however, whether the circuit court has the authority to transfer a case to a board or agency such as the State Arbitration Board. Nonetheless, we do not decide this issue, because the only order on appeal is the ruling of the Board, not any order of the circuit court.
In conclusion, because White did not timely file its claim for arbitration under the terms of its contract with DOT, the Board's final order is AFFIRMED. The parties will now return to circuit court where White will have the opportunity to demonstrate that, when it sought jurisdiction in the circuit court, the jurisdictional amount claimed was put into controversy in good faith.
POLSTON, J. and SMITH, LARRY G., Senior Judge, concur.