894 So.2d 1047 (2005)
GRADING AND BUSH HOG SERVICES, INC., Appellant,
v.
FLORIDA DEPARTMENT OF TRANSPORTATION, Appellee.
No. 5D03-3729.
District Court of Appeal of Florida, Fifth District.
January 28, 2005.
Rehearing Denied March 2, 2005.
Brant Hargrove, Tallahassee, for Appellant.
Pamela S. Leslie, General Counsel and Marianne A. Trussell, Deputy General Counsel of Department of Transportation, Tallahassee, for Appellee.
PALMER, J.
Grading and Bush Hog Services, Inc. ("Bush Hog"), appeals the trial court's final order granting Florida Department of Transportation's ("FDOT") motion to dismiss Bush Hog's third-amended complaint. Concluding that Bush Hog's third-amended complaint does state a cognizable cause of action, we reverse.
Review of the complaint filed by Bush Hog indicates that Bush Hog and FDOT entered into a contract for, among other things, the removal and replacement of four-inch and six-inch concrete sidewalks in and around Marion County, Florida. Problems arose when, after commencing the project, Bush Hog discovered that some of the concrete which was to be *1048 removed was 12 to 18 inches thick in some areas, not 4 to 6 inches thick as described in the parties' contract. As a result of this discovery, Bush Hog contended that removal of this additional concrete required extra work not covered under the parties' contract. Accordingly, Bush Hog requested that FDOT issue a supplemental agreement to cover the extra expenses incurred for removing the additional concrete.[1] In the request, Bush Hog offered FDOT the option of reserving its right to argue that no additional payment was due for said work. FDOT refused the request.
Bush Hog's third-amended complaint alleged breach of contract based on FDOT's failure to pay for work performed in accordance with the terms of the parties' contract and breach of contract for wrongful termination of said contract. FDOT filed a motion to dismiss the third-amended complaint, arguing that Bush Hog had failed to state a cause of action because it had failed to attach a written notice of final acceptance of the work, as required by section 337.19(2) of the Florida Statutes. Without citing any case law to support its position, FDOT argued that section 337.19(2) required a contractor to obtain a notice of final acceptance as a condition precedent to filing a lawsuit against FDOT. The trial court entered an order granting FDOT's motion to dismiss with prejudice, basing its decision on the fact that Bush Hog's complaint failed to comport with the requirements of section 337.19(2).
Section 337.19 of the Florida Statutes governs lawsuits filed against FDOT. Subsection two of the statute provides, in relevant part, as follows:
337.19. Suits by and against department; limitation of actions; forum
* * *
(2) Suits by and against the department under this section shall be commenced within 820 days of the final acceptance of the work. This section shall apply to all contracts entered into after June 30, 1993.
§ 337.19(2), Fla. Stat. (2001).
Bush Hog challenges the trial court's dismissal order, arguing that section 337.19(2) of the Florida Statutes does not constitute a condition precedent to filing a lawsuit against FDOT, but rather, only acts as a time limitation on the maximum number of days which can pass before an action is barred. We agree.
The plain language of section 337.19(2) establishes a time period during which a lawsuit can be brought against FDOT. It does not indicate that a contractor must receive "final acceptance" of their work prior to filing suit.[2] In White Const. Co., Inc. v. State, Dept. of Transp., 860 So.2d 1064 (Fla. 1st DCA 2003), the First District recognized this fact, explaining as follows:

*1049 Similarly, we reject DOT's argument that, because the state only agreed to waive sovereign immunity on the condition precedent that suit be brought within 820 days, section 337.19 should be interpreted as a limited sovereign immunity statute. See Department of Transportation v. White Construction Company, Inc., 452 So.2d 33 (Fla. 1st DCA 1984). While such an interpretation may have been correct before the decision in Pan-Am Tobacco Corp. v. Department of Corrections, 471 So.2d 4 (Fla.1984), the argument no longer has any continuing validity. Under Pan-Am, the state has been deemed to waive sovereign immunity for suits alleging breach of an express contract with the state. The waiver applies to DOT. The time limit in section 337.19(2) is solely a limitations period. See Hypower, [Inc. v. State], 839 So.2d [856], 857 [Fla. 1st DCA 2003].
Id. at 1067. See also Pan-Am Tobacco Corp. v. Department of Corr., 471 So.2d 4 (Fla.1985)(holding that where the State has entered into a contract fairly authorized by the powers granted by general law, the defense of sovereign immunity will not protect the State from an action arising from the State's breach of that contract).
Accordingly, since Bush Hog was not required, under section 337.19(2) of the Florida Statutes, to receive a final notice of acceptance of its work from FDOT prior to filing suit, the trial court's order dismissing Bush Hog's third-amended complaint must be reversed.
We note that adoption of FDOT's suggested interpretation of the statute as constituting a condition precedent to filing suit would be unreasonable since, in circumstance such as these where the contractor has alleged that it has performed all duties which were called for under the terms of the contract, in order to file suit the contractor would be required to go above and beyond what was called for in said contract and run the risk of not receiving payment for same, especially when FDOT refuses to execute a supplemental agreement.
Order REVERSED and Cause REMANDED.
SHARP, W. and TORPY, JJ., concur.
NOTES
[1] Section 337.11(8) of the Florida Statutes (2001) authorizes FDOT to issue a supplemental agreement when a contractor's work exceeds the initial contract by 5% or when a contractor provides unforeseen work. Noteworthy, the issuance of such as an agreement is necessary to insure the contractor's ability to seek payment for work performed but not covered by the initial contract. See § 337.19, Fla. Stat. (2001).
[2] The plain meaning of statutory language is the first consideration of statutory construction. Stoletz v. State, 875 So.2d 572 (Fla.2004). When the language of a statute is clear and unambiguous, and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning. In re Guardianship of J.D.S., 864 So.2d 534 (Fla. 5th DCA 2004).